## JOGLAR *v.* EL REGISTRADOR DE LA PROPIEDAD.

### RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 85.—Resuelto en marzo 14, 1911.

SOCIEDAD MERCANTIL—LIQUIDACIÓN—FORMACIÓN DEL INVENTARIO—DISOLUCIÓN DE LA SOCIEDAD.—La liquidación de una sociedad mercantil consiste en percibir sus créditos, extinguir las obligaciones contraídas de antemano, en sus respectivos vencimientos, y realizar las operaciones pendientes, sin que la formación de un inventario del estado del activo y pasivo, para conocer si hubo beneficios o pérdidas en la sociedad, pueda entenderse como la liquidación a que se refiere el artículo 228 del Código de Comercio, y sin que pueda estimarse tampoco, como liquidación, el otorgamiento de una escritura de disolución de la sociedad y cesión de derechos y acciones de un socio a favor del otro.

ID.—ACTOS MERCANTILES—ACTOS DE CARÁCTER CIVIL.—Si bien la disolución de la sociedad es un acto mercantil, la cesión de derechos de un socio a favor de otro no puede reputarse mercantil, aunque esté contenida en la misma escritura, siendo un acto de carácter civil que debe regularse por el código que trata de esta materia.

ID.—BIENES QUE TIENEN EL CONCEPTO DE INMUEBLES—AUTORIZACIÓN JUDICIAL PARA LA ENAJENACIÓN DE BIENES DE MENORES.—Los derechos sobre propiedad inmueble tienen · el concepto de bienes inmuebles, y por consiguiente, los derechos que, aun indeterminados, pueda tener un menor en una sociedad mercantil, por lo que respecta a las propiedades inmuebles de ésta, tienen el concepto de bienes inmuebles y para su enajenación o gravamen se necesita la autorización judicial, sin cuyo requisito no puede inscribirse en el registro.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco de la Torre.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública otorgada en la ciudad de San Juan de Puerto Rico el día 17 de octubre de 1907 ante el Notario

Don Damián Monserrat y Simó, Don Higinio Joglar y Díaz y Doña Luz Cerecedo y Ramos, mayores de edad, expusieron que por otra escritura pública de 22 de abril de 1905, inscrita en el registro mercantil, Don Francisco Joglar Victorero y Don Higinio Joglar y Díaz constituyeron una sociedad mercantil bajo la razón de "Sobrinos de Joglar" por el término de tres años, que vencieron en 22 de abril anterior; que por muerte del socio Francisco Joglar Victorero su participación en la sociedad pasó a ser de su viuda Doña Luz Cerecedo y Ramos y del hijo de ambos Don Francisco Joglar Cerecedo. en virtud de haber sido declarados sus herederos por la Corte de Distrito de San Juan; que habiendo practicado en 28 de mayo de 1907 el correspondiente inventario, siendo en éste representados la viuda e hijo de Joglar Victorero por Don Joaquín Sánchez Colomer, dió un balance por el cual la sociedad tenía un activo de $12,160.80, contra un pasivo de. $8,195.14, quedando, por tanto, como beneficios $3,965.66, que por mitad pertenecían a ambos socios, o sea $1,982.83 para cada uno, pero como según la cuenta particular del socio muerto, había tomado $2,318, resultaba una diferencia en su contra, después de deducir su parte de beneficios, de $335.17, y la del otro socio después de descontar el importe de sus gastos que ascienden a $407.90, arroja un saldo a su favor de $2,074.93 por su capital y beneficios, por lo que en vista de esos antecedentes, ambos, por su propio derecho y además Doña Luz Cerecedo como madre con patria potestad sobre su hijo menor de edad Francisco Joglar Cerecedo y facultada por el artículo 234 del Código de Comercio, disolvieron y declararon extinguida la sociedad "Sobrinos de Joglar" quedando hecho cargo del activo y pasivo, como único dueño responsable y liquidador, Don Higinio Joglar Díaz, quien asumió todos los derechos, acciones, deberes y obligaciones que a la sociedad competían y quedaban de ella separados y sin responsabilidad los herederos del socio fallecido, estipulándose además que la acreencia contra dichos herederos que

daba saldada por renuncia que el socio Don Higinio Joglar Díaz hacía a toda reclamación contra ellos.

Inscrito ese documento en el registro mercantil con fecha 12 de noviembre de 1907, se presentó después en 6 de enero del año en curso, al Registrador de la Propiedad de San Juan, Sección 1ª., con un escrito en que se solicitaba que por virtud de dicho documento se inscribiera a favor de Don Higinio Joglar Díaz la mitad de la casa número 56 de la calle del Comercio de Río Piedras, que pertenecía a la sociedad "Sobrinos de Joglar" y ahora al peticionario como único dueño del activo y pasivo de la misma, inscripción que denegó el registrador por el siguiente motivo:

"Denegada la inscripción del precedente documento en cuanto a la mitad de una casa radicada en la calle del Comercio, que se ha solicitado, porque el contrato que resulta de la precedente escritura no está comprendido en el caso de exención que señala el artículo doscientos treinta y cuatro del Código de Comercio; y por tanto, dicho contrato requiere la autorización judicial en lo que respecta al menor Francisco Joglar Cerecedo para su validez. Se ha extendido anotación preventiva por el término legal, al folio 228 del tomo 19 de Río Piedras, finca 1038 triplicado, anotación letra A. San Juan, P. R., 14 de enero de 1911. El Registrador, José S. Belaval."

Contra esa negativa de inscripción, Don Higinio Joglar Díaz ha interpuesto recurso gubernativo ante esta Corte Suprema para que se revoque y ordene la inscripción, siendo oído dicho registrador.

La única cuestión en el presente recurso es si Doña Luz Cerecedo, como madre con patria potestad sobre su hijo menor de edad Francisco Joglar Cerecedo, pudo sin autorización judicial, ceder y enajenar los derechos que su citado hijo tenía en la sociedad mercantil "Sobrinos de Joglar" como lo hizo a favor del otro socio, pues mientras el recurrente sostiene que la cesión es válida, porque tratándose de una liquidación de sociedad mercantil es de aplicación el artículo 234 del Código de Comercio que no exige la autorización judicial,

contiende el registrador que el documento cuya inscripción negó, no se refiere a la liquidación de la sociedad mercantil sino a declarar su disolución y a hacer una enajenación de derechos y acciones para lo que se necesita la autorización de los tribunales.

El citado artículo 234 del Código de Comercio autoriza al padre, madre o tutor para que en la liquidación de sociedades mercantiles en que tengan interés personas menores de edad o incapacitadas, obren con plenitud de facultades como en negocio propio, siendo válidos los actos que realicen sin perjuicio de la responsabilidad que contraigan para con sus representados por haber obrado con dolo o negligencia, lo que equivale a decir que para realizar los actos de liquidación no necesitan tales personas de autorización judicial.

La liquidación de una sociedad mercantil consiste en percibir sus créditos, extinguir las obligaciones contraídas de antemano, según se vayan venciendo y en realizar las operaciones pendientes, ninguno de cuyos actos son los que aparecen realizados por los otorgantes de la escritura objeto de este recurso, por lo que hemos de afirmar que no se trata en ella de la liquidación de la sociedad y sin que el hecho de haberse practicado un inventario del estado del activo y pasivo para conocer si hubo beneficios o pérdidas de la sociedad, pueda entenderse que es la liquidación a que se refiere el artículo 228 del Código de Comercio.

No se trata, pues, de actos realizados por la madre en la liquidación de una sociedad en la que está interesado su hijo menor de edad, por lo que no es de aplicación el artículo 234 del Código citado, ni tampoco la resolución de esta Corte Suprema de 27 de junio de 1908 dictada en el caso de *Claudio Calenti* v. *El Registrador de la Propiedad de Caguas,* que la recurrente cita en su apoyo, porque en éste, al hacer aplicación del artículo 234 citado, partió de la base de que efectivamente la escritura contenía la disolución, liquidación y división del haber social.

Lo que en realidad contiene la escritura, motivo del presente recurso son dos contratos: uno, por el que convienen los otorgantes en disolver la sociedad; y otro, por el que Doña Luz Cerecedo por sí y por su hijo ceden cuantos derechos y acciones les corresponden en la sociedad "Sobrinos de Joglar" a favor del otro socio Don Higinio Joglar Díaz, en compensación de la renuncia que éste hace en favor de ellos de la acreencia que contra los mismos resulta, como herederos del socio Don Francisco Joglar.

Por más que la disolución de la sociedad "Sobrinos de Joglar" fué un acto mercantil, no reviste ese carácter la cesión de derechos, aunque esté contenida en el mismo documento, ya que no revela el propósito de tráfico y negociación mediante evoluciones tendentes al lucro, siendo, por consiguiente, un contrato de carácter civil que ha de regularse por el Código que trata de esta materia.

Si bien por el Código Civil español vigente en esta Isla hasta 1902, y lo resuelto por esta Corte Suprema en el pleito de *González* v. *Méndez y otro,* solamente los derechos reales sobre bienes inmuebles tenían el concepto de inmuebles (art. 334, núm. 10) y no era necesaria la autorización judicial para enajenar derechos que no fueran reales, hoy, después de la implantación del Código Civil revisado, tienen el carácter y concepto de bienes inmuebles, no sólo dichos derechos reales, sino también, según el artículo 336, cualquier derecho sobre propiedad inmueble, y por tanto, los derechos que aun indeterminados mientras no se practique la liquidación de la sociedad "Sobrinos de Joglar," corresponden al menor hijo del socio muerto Don Francisco Joglar, tienen el concepto de bienes inmuebles para cuya enajenación o gravamen se necesita la autorización judicial, la que no habiéndose obtenido en este caso, impide que se inscriba a favor de Don Higinio Joglar Díaz los derechos que pudieran corresponder a Don Francisco Joglar Cerecedo en la mitad de la casa que forma parte de bienes sociales, por lo que entendemos que la

negativa del Registrador de la Propiedad de San Juan debe ser confirmada.

*Confirmada.*

Juez concurrente: Sr. Presidente Hernández.

El Juez Asociado Sr. del Toro, emitió un voto concurrente con el cual estuvo conforme el Sr. Wolf.

El Juez Asociado Sr. MacLeary, no intervino en la resolución de este caso.

OPINIÓN EMITIDA POR EL JUEZ ASOCIADO SEÑOR DEL TORO.

Estoy enteramente conforme con la opinión de mi compañero Sr. Aldrey emitida en este caso, con excepción de una parte de lo expresado en el último párrafo de la misma, pues yo entiendo que, tanto cuando regía el Código Civil español, como ahora que rige el Código Civil revisado, era y es necesaria la autorización judicial en casos de esta naturaleza.