MANUEL VIDAL ALVAREZ, demandante y apelante, *v.* GEORGINA RODRÍGUEZ BALLESTER Y FERNANDO LUIS RODRÍGUEZ BALLESTER, éste menor de edad debidamente representado por su madre con patria potestad Doña MARÍA ADELA BALLESTER, demandados y apelados.

No. 3411.—*Visto:* Enero 23, 1925. *Resuelto:* Junio 19, 1925.

1. MENORES—NEGOCIO COMERCIAL DEL PADRE—CONTINUACIÓN DEL MISMO POR LA MADRE DE LOS MENORES—DERECHOS Y RESPONSABILIDADES DE LOS MENORES.—Cuando una madre continúa, por los hijos menores, el negocio comercial del padre, dichos menores pueden ser demandados para el pago de obligaciones contraídas en dicho negocio aún cuando ellos ·no hubieren intervenido en el mismo.

2. MENORES—NEGOCIO COMERCIAL DEL PADRE—CONTINUACIÓN DEL MISMO POR LA MADRE DE LOS MENORES—AUTORIZACIÓN JUDICIAL PARA CONTINUARLO.—Una madre no necesita autorización judicial para continuar por sus hijos menores de edad el comercio que ejercía su padre (art. 5 del Código de Comercio).

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando sin lugar la demanda, sin costas. *Revocada, declarándose con lugar la demanda.*

*López de Tord & Zayas Pizarro,* abogados del apelante; *José R. Gelpí y Sergio G. Gelpí,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

[1] Aunque uno de los fundamentos que tuvo la corte inferior para declarar sin lugar la demanda en este caso fué que no se probó satisfactoriamente que los demandados hayan tenido participación en el establecimiento comercial denominado Sucesión de Américo Rodríguez, convenimos con el demandante-apelante en que tal conclusión es errónea pues aunque ellos no hicieron ni podían hacer personalmente

acto alguno de comercio por ser menores de edad, sin embargo, la evidencia demuestra que la madre con patria potestad sobre ellos continuó los negocios comerciales del padre Américo Rodríguez con el capital que por herencia correspondía a los hijos, pagando deudas contraídas por el padre y haciendo nuevas obligaciones para su establecimiento comercial, el cual continuó sus negocios como en vida del padre aunque con el nombre de Sucesión de Américo Rodríguez.

[2] Por consiguiente, nos resta considerar el otro motivo de este recurso en el que se alega que también es erróneo el otro fundamento de la sentencia según el cual la madre de dichos demandados no podía, al continuar el negocio de su esposo, gravar los bienes de sus menores hijos, sin previa autorización judicial.

Como hemos dicho, la madre continuó el negocio comercial del padre de sus hijos menores de edad con el capital relicto por aquél, perteneciente a sus herederos, y como no obtuvo para ello autorización judicial surge la cuestión de si era necesaria para que pudiera continuar a nombre de sus hijos el negocio a que se había dedicado el padre.

Desde luego que por no tener los demandados veintiún años de edad cuando murió su padre no podían dedicarse personalmente al comercio por ser esa edad requisito exigido por el artículo 4 del Código de Comercio, pero el artículo 5 del mismo código dispone lo siguiente: "Los menores de veinte y un años y los incapacitados podrán continuar, por medio de sus guardadores, el comercio que hubieren ejercido sus padres o sus causantes. Si los guardadores carecieren de capacidad legal para comerciar, o tuvieren alguna incompatibilidad, estarán obligados a nombrar uno o más factores que reúnan las condiciones legales, quienes los suplirán en el ejercicio del comercio."

Ese precepto es nuevo en el Código de Comercio vigente y no se nos ha citado sentencia alguna de España, que nos dejó ese código igual al suyo, que lo interprete y nosotros

sólo hemos encontrado una sentencia de Filipinas en el caso de *Honkong & Shangai Bank* contra *Aldecoa y Compañía,* 30 Jurisprudencia Filipina 289, en el que fueron absueltos de la demanda los hijos menores declarándose que ''como quiera que la razón social de la cual se alega que son los hijos socios industriales no era una continuación de la casa de la cual su difunto padre era socio, sino una nueva compañía que funcionaba en virtud de una nueva escritura social, resulta evidente que el artículo 5 *supra,* no autoriza a la madre para hacer responsables a sus hijos como socios industriales de la nueva compañía,'' diciéndose en otra parte de ella que la madre no obtuvo la aprobación judicial para celebrar el contrato de sociedad en representación de sus hijos; sentencia de la que podemos deducir que, a *contrario sensu,* sienta la doctrina de que la madre puede continuar a nombre de sus hijos menores los negocios del padre sin necesidad de autorización judicial.

Cierto es que dicho artículo no menciona expresamente al padre o a la madre sino que dice guardadores, pero esta es una palabra general que comprende a cualquiera que tenga la guarda de menores, ya sea padre, madre o tutor.

Cuando son tutores los que han de continuar el negocio del padre de los menores no pueden hacerlo sin autorización judicial porque tanto el Código Civil español posterior al Código de Comercio que rigió en esta Isla hasta el año 1902 como el Código Civil de Puerto Rico, que rige desde esa fecha, disponen en sus artículos 269 y 282, respectivamente, que el tutor necesita autorización judicial para continuar el comercio o la industria a que el incapaz o sus ascendientes o los del menor hubiesen estado dedicados; pero no hay precepto alguno en nuestras leyes que para igual caso requiera que la madre obtenga tal autorización judicial por lo que no podemos imponer ese deber a la madre con patria potestad, pues siendo ésta de carácter general no tiene más limitaciones que las expresamente impuestas por la ley, y si bien es cierto que los padres o las madres no pueden gra-

var ni enajenar los bienes de sus hijos menores sino por
causa de necesidad y utilidad para ellos, esto no se refiere
a la continuación del negocio de los padres, aunque sus
bienes queden sujetos a las resultas del negocio o industria
que continúan.

En contrario se nos dice que en la exposición de moti-
vos del Código de Comercio se dice con referencia al artículo
5 citado que ''deberá proceder la correspondiente declara-
ción de utilidad que el menor pueda reportar de continuar
aquel comercio, lo cual corresponderá a la autoridad judi-
cial, previo los trámites fijados en la Ley de Enjuiciamiento
*  *  * '' pero después del Código de Comercio sólo se ha
exigido tal autorización para los tutores y no a los padres.
También se nos dice que el Sr. Alvarez del Manzano en su
obra Código de Comercio, tomo I, p. 283, dice que ese ar-
tículo suscitará siempre algunas dudas, que sólo en parte
se resuelven por las disposiciones del nuevo Código Civil,
y que supone el artículo que los menores o incapacitados
no están sujetos a la patria potestad puesto que se habla
de guardadores que, en nombre de aquéllos ejerzan el co-
mercio, pero que si lo estuviesen ¿no se les debería aplicar
la misma regla que a los tutores sin más que sustituir di-
chos guardadores por el padre o la madre?

Ya hemos dicho que para nosotros en la palabra guar-
dadores están comprendidos los padres, y no parecería ló-
gico el código si concediera autorización a los tutores y no
a los padres para continuar el negocio del padre de los me-
nores; y es raro que si ese artículo es tan dudoso para di-
cho autor no haya suscitado cuestión alguna en los tribuna-
les desde el año 1885 en que empezó a regir, siendo tantos
los casos en que el negocio del padre ha sido continuado a
nombre de sus hijos menores de edad, a tal punto que en
las cláusulas sociales se estipula generalmente que la muerte
de alguno de los socios no será obstáculo para que continúe
el negocio con sus herederos, que muy frecuentemente son
menores de edad.  Y en cuanto a que si a los tutores se les

exige autorización judicial también debe ser necesaria, para los padres, sentimos discrepar de tan ilustrado autor porque no existe la misma razón en ambos casos ya que la autoridad, funciones y derechos de una madre con patria potestad no son iguales a los de los tutores, que muchas veces son personas extrañas a los menores.

Se nos han citado por el apelado dos sentencias de los tribunales italianos en apoyo de su contención pero no nos detendremos en ellas porque desconocemos los preceptos del código italiano en esta materia.

Por lo expuesto llegamos a la conclusión de que la madre no necesita autorización judicial para continuar por sus hijos el comercio o industria de su padre y por tanto que los bienes de los hijos son responsables de las obligaciones contraídas por la madre en ese negocio o industria por lo que *la sentencia apelada debe ser revocada y declararse con lugar la demanda* que reclama de los hijos de América Rodríguez el pago de $1,145.13, precio de efectos mercantiles que vendió al comercio Sucesores de Américo Rodríguez y cuya cantidad no le ha sido pagada, y los intereses legales de esa cantidad desde la fecha de la demanda.