SALVADOR GARCÍA DÍAZ Y AMBROSIO MACHUCA RODRÍGUEZ, como liquidador de "MACHUCA Y COMPAÑÍA S. EN C. EN LIQUIDACIÓN," recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 637.—*Sometido:* Abril 28, 1926. *Resuelto:* Julio 31, 1926.

MENORES—BIENES Y TRASPASOS—AUTORIZACIÓN JUDICIAL PARA ENAJENAR O GRAVAR BIENES INMUEBLES—NECESIDAD DE LA AUTORIZACIÓN—APORTACIÓN DE INMUEBLES A UNA SOCIEDAD—INMUEBLES EN SOCIEDAD DISUELTA EN LOS QUE MENORES TIENEN PARTICIPACIÓN.—Disuelta una sociedad mercantil, existiendo menores y bienes inmuebles, la formación de una nueva sociedad y la aportación a ella de esos bienes inmuebles en los cuales los menores tienen una participación constituye una disposición para realizar la cual necesitan los padres autorización judicial.

NOTA de *Lemuel Marqués*, R. (Caguas), denegando inscripción de escritura sobre prórroga de sociedad mercantil por no haberse prorrogado durante el término del contrato y porque, de dársele a dicha escritura el carácter de nueva sociedad, se aportaron a ella inmuebles, en los que tenían participación unos menores, sin la previa autorización judicial. *Confirmada.*

*Andrés Mena,* abogado del recurrente; el recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 15 de octubre de 1918 comparecieron ante notario público Ambrosio Machuca Nieves, Ambrosio Machuca Rodríguez y Salvador García y otorgaron una escritura por virtud de la cual dieron por terminada la sociedad que bajo la razón de A. Machuca e Hijo y Compañía tenían constituída desde 1911 y constituyeron otra sociedad mercantil en comandita para girar bajo la razón de Machuca y Compañía, S. en C., siendo socios gestores Ambrosio Machuca Rodríguez y Salvador García y comanditario Ambrosio Machuca Nieves. El capital de la nueva sociedad se formó con $27,700.20—balance aceptado de la extinguida—correspondiendo a Ambrosio Machuca Nieves $9,700.20, a Ambrosio Machuca Rodríguez $9,000 y a Salvador García $ 9,000. No se expresó cómo estaba invertido el capital. Se fijó el término de dos años a partir del 29 de septiembre como duración del contrato y se acordó que la muerte de cualquiera de los socios durante su vigencia no sería causa de disolución de la sociedad.

El 27 de octubre de 1920 Ambrosio Machuca Rodríguez, por sí y en representación de Carmen Rodríguez viuda de Machuca y de tres hijos menores de ésta y Ambrosio Machuca Nieves; Salvador García, por sí, y Félix Machuca, hijo de Ambrosio Machuca Nieves, por sí, comparecieron ante notario público y haciendo constar el fallecimiento de Ambrosio Machuca Nieves que dejó como sus únicos herederos a su viuda Carmen Rodríguez y a sus cuatro hijos indicados, tres menores y uno mayor, *prorrogaron* el término de duración de la mercantil Machuca y Compañía, S. en C., por dos años.

Así las cosas, el 4 de febrero de 1924, comparecieron ante notario público Carmen Rodríguez por su propio derecho y como madre con patria potestad de sus tres menores

hijos habidos en su matrimonio con Ambrosio Machuca Nieves, Juana Rodríguez, como madre con patria potestad de sus tres menores hijos naturales reconocidos habidos con Félix Machuca, difunto, Salvador Díaz, por sí y Ambrosio Machuca Rodríguez, por sí, y otorgaron una escritura aclaratoria complementaria de las escrituras de 15 de octubre de 1918 y 27 de octubre de 1920 de que se ha hecho referencia.

Se trata de un largo documento en el que se consigna que el capital de $27,700.20 de la sociedad Machuca y Compañía, S. en C., constituída por escritura de octubre, 1918 estaba formada por varias fincas urbanas y créditos hipotecarios que se describen en debida forma y se pacta que siendo *forzoso concluir que no pudo prorrogarse* en 27 de octubre de 1920 la sociedad Machuca y Compañía, S. en C., por haber vencido el término por el que fué constituída, se considerara dicha escritura de prórroga como de constitución de una nueva sociedad pudiendo y debiendo así inscribirse a nombre de esa nueva sociedad los bienes inmuebles de la otra quedando a cargo de la liquidación los socios Ambrosio Machuca Rodríguez y Salvador García y ratificándose todos los actos realizados por los gestores durante el curso de los negocios.

Esas tres escrituras acompañadas de otros documentos a los cuales no es necesario referirse, se presentaron en el registro de la propiedad de Gaguas a los efectos de que cierta casa inscrita a nombre de A. Machuca e Hijo y Compañía, que en la escritura aclaratoria de 1924 se incluye entre los bienes constitutivos del capital social, lo fuera a nombre de Machuca y Compañía, S. en C., a los efectos de poder inscribir luego cierta hipoteca constituída en 1920 a favor de The Royal Bank of Canada.

El registrador se negó a hacer la inscripción solicitada por los siguientes motivos:

"1º.—Que si se tomara la escritura número 724 de 27 de octubre de 1920 que motivó la presente nota, por lo que verdaderamente es

o sea de prórroga de la sociedad mercantil Machuca & Compañía S. en C. que fué constituída por la escritura número 176 de 15 de octubre de 1918, en este caso dicha escritura es nula, porque habiéndose extinguido la indicada mercantil por vencimiento del término por el que fué constituída o sea desde el día 29 de septiembre de 1920 no fué prorrogada durante el término del contrato a virtud de lo dispuesto en los artículos 223 y 221 Párrafo 1º del Código de Comercio; y, 2º, porque, si pudiera dársele a dicha escritura de prórroga el carácter de nueva sociedad independiente de la extinguida aunque constituída con un capital representado por los bienes de la extinguida, tenemos que se han aportado a dicha sociedad bienes inmuebles en los que tienen participación menores de edad representados por su madre con patria potestad como los son Enrique, Francisco y Arturo Machuca Rodríguez, hijos de doña Carmen Rodríguez y del que fué su esposo Ambrosio Machuca Nieves, socio comanditario de la extinguida mercantil Machuca & Compañía, S. en C., y siendo el acto de imponer o aportar bienes inmuebles y derechos reales a una sociedad mercantil el de una verdadera enajenación, la madre con patria potestad sobre sus hijos menores de edad, necesita autorización judicial de acuerdo con lo prescrito en el artículo 80 de la Ley sobre Procedimientos Legales Especiales Sección 1619 de los Estatutos Revisados de 1911; y tampoco se podría considerar a la nueva sociedad, si se admitiera este carácter de nueva sociedad, como liquidadora de la anterior, pues de acuerdo con el artículo 229 del Código de Comercio, extinguida la sociedad, quedarán como liquidadores los socios administradores, y si no hubiere conformidad, dicho artículo fija la forma en que ha de procederse."

No conformes los llamados liquidadores de Machuca y Cía., S. en C., o sean Salvador García y Ambrosio Machuca Rodríguez, interpusieron el presente recurso gubernativo.

Es el segundo motivo de los consignados en su nota por el registrador el que será objeto de nuestro estudio, ya que los recurrentes admiten que de acuerdo con los preceptos terminantes del Código de Comercio (arts. 221 y 223) no era posible prorrogar en 27 de octubre de 1920 la sociedad constituída en 15 de octubre de 1918 por término de dos años que empezaría a correr el 29 de septiembre anterior.

Sostiene el apelante que no existió aquí acto alguno de

enajenación de bienes inmuebles de menores que requiriera autorización judicial e invoca las decisiones de esta corte en los casos de *González* v. *Méndez,* 8 D.P.R. 258, *Quintana Hermanos y Cía.* v. *I. Ramírez & Co.,* 22 D.P.R. 761 y *Blanco* v. *Registrador,* 28 D.P.R. 172.

No hay duda alguna de que mientras la sociedad subsiste, sus bienes inmuebles no pertenecen a los socios individualmente, sino a la sociedad. Si los bienes inmuebles pertenecientes a la primera sociedad—Machuca y. Cía., S. en C., constituída por escritura de 1918—se hubieran gravado o enajenado en el curso ordinario de los negocios de la sociedad, mientras la sociedad existía, aunque hubiera muerto uno de sus socios dejando hijos menores, dadas las cláusulas del contrato social, no se hubiera necesitado autorización judicial alguna para ello. La duda surge cuando se considera que el acto de la disposición de los bienes inmuebles de Machuca y Co., S. en C., se hizo cuando ya la sociedad estaba disuelta por ministerio de la ley.

Esta corte en el caso de *Joglar* v. *El Registrador,* 17 D. P.R. 278, que el registrador recurrido invoca como fundamento de su nota, decidió que "los derechos sobre propiedad inmueble tienen el concepto de bienes inmuebles, y por consiguiente, los derechos que, aún indeterminados, pueda tener un menor en una sociedad mercantil, por lo que respecta a las propiedades inmuebles de ésta, tienen el concepto de bienes inmuebles y para su enajenación o gravamen se necesita la autorización judicial, sin cuyo requisito no puede inscribirse en el registro."

Los hechos del caso de Joglar, *supra,* son algo distintos, pero el principio envuelto es igual. La Sociedad Machuca y Cía., S. en C., quedó disuelta por virtud de su propio contrato y por ministerio de la ley. Existían menores y bienes inmuebles. La formación de una nueva sociedad y la aportación a ella de esos bienes inmuebles en los cuales los menores tenían una participación, constituye una disposición para realizar la cual necesitan los padres autorización

de la corte.   No es un acto de administración.   Participa de la naturaleza de un acto de enajenación.

Hemos examinado el caso a la luz del artículo 5 del Código de Comercio que autoriza a los menores a continuar el comercio que hubieren ejercido sus padres o causantes y de la jurisprudencia establecida por esta Corte Suprema en el caso de *Vidal* v. *Ballester,* 34 D.P.R. 381 en el sentido de que una madre no necesita autorización judicial para continuar por sus hijos menores de edad el comercio que ejercía su padre, pero tampoco pueden convalidarse de tal modo los actos realizados a nombre de los menores. Existe una laguna que no es posible llenar.   No se trata de una continuación, sino de la constitución de una nueva sociedad.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Hutchison no intervino en la resolución de este caso.