Sucesores de Alejandro Alfonso, S. en C., recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 1098.—*Sometido:* Enero 13, 1942. *Resuelto:* Enero 23, 1942

*Luis López de-Victoria* y *Adrián Alfonso Muñiz,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Alejandro Alfonso Bonilla, casado con Rosa Ramírez, comerciante y vecino de Yauco, falleció ab intestato en dicha ciudad el 4 de noviembre de 1938, dejando tres hijos legitimados y cinco naturales reconocidos. Entre los bienes relictos se halla un establecimiento mercantil dedicado al ramo de provisiones, valorado en $16,444.57, que fué adjudicado en su totalidad a sus hijos, con excepción de una participación adjudicada a la viuda, por valor de $2,831.29, que era precisamente el montante de la deuda que dicha señora tenía contraída con el establecimiento. Con el propósito de continuar el negocio a que venía dedicándose su padre, todos los hijos comparecieron ante el notario don Luis López de Victoria y por escritura número 48 de 31 de marzo de 1941 constituyeron entre ellos una sociedad mercantil en comandita, con un solo gestor, Adrián Alfonso Muñiz, siendo los demás hermanos comanditarios. Como la hija legitimada Ana Hilda Alfonso Ramírez y el hijo natural reconocido Arnaldo Alfonso Rodríguez eran menores de edad, estuvieron representados en la escritura por sus madres con patria potestad Rosa Ramírez y Francisca Rodríguez, respectivamente. En la misma escritura Rosa Ramírez cedió a la sociedad, en pago de su citada deuda, su participación de

$2,831.29, quedando así extinguido el interés que en el establecimiento tenía.

Presentada la escritura social en el Registro Mercantil de San Germán, fué denegada su inscripción por los fundamentos consignados en la siguiente nota:

"Denegada la inscripción del documento que precede con vista de otro, por observarse que los menores y socios comanditarios de la sociedad constituída Ana Hilda Alfonso Ramírez y Arnaldo Alfonso Rodríguez no están lo suficientemente representados en la escritura con arreglo a ley, toda vez que la patria potestad que sus respectivas madres ejercitan se traslimita de las facultades que concede el artículo 159 del Código Civil Revisado, edición de 1930, al verificar éstas operaciones que exceden de la suma de $500 en nombre de dichos menores, tanto en cuanto a la constitución en sí de la sociedad, a la cual se aportan bienes muebles de dichos menores que exceden de la indicada suma, como por la obligación de venta pactada en la cláusula 12ª. de la escritura; y por haberse advertido además la incompatibilidad existente en la otorgante Rosa Ramírez, quien comparece por su derecho propio aportando bienes suyos a la sociedad, y por otro lado bienes de su indicada hija menor como madre con patria potestad, todo ello en contravención con lo previsto en el artículo 5 del Código de Comercio de Puerto Rico en lo que respecta a casos de incompatibilidad . . ."

La primera cuestión a resolver en este recurso es la de si era o no necesario para la validez del contrato social que se hubiese obtenido autorización judicial permitiendo a las madres de dichos menores celebrar el contrato en cuestión en nombre y representación de sus citados hijos. El recurrente sostiene que no, e invoca a su favor el caso de *Vidal* v. *Ballester,* 34 D.P.R. 381. El registrador afirma lo contrario, fundándose en lo resuelto por este tribunal en el caso de *García Díaz* v. *Registrador,* 35 D.P.R. 1040.

Es verdad que en el caso de *Vidal* v. *Ballester,* supra, invocado por el recurrente, interpretando el artículo 5 del Código de Comercio se sostuvo lo siguiente:

"Cuando son tutores los que han de continuar el negocio del padre de los menores no pueden hacerlo sin autorización judicial porque

tanto el Código Civil español posterior al Código de Comercio que rigió en esta Isla hasta el año 1902 como el Código Civil de Puerto Rico, que rige desde esa fecha, disponen en sus artículos 269 y 282, respectivamente, que el tutor necesita autorización judicial para continuar el comercio o la industria a que el incapaz o sus ascendientes o los del menor hubiesen estado dedicados; pero no hay precepto alguno en nuestras leyes que para igual caso requiera que la madre obtenga tal autorización judicial por lo que no podemos imponer ese deber a la madre con patria potestad, pues siendo ésta de carácter general no tiene más limitaciones que las expresamente impuestas por la ley, y si bien es cierto que los padres o las madres no pueden gravar ni enajenar los bienes de sus hijos menores, sino por causa de necesidad y utilidad para ellos, esto no se refiere a la continuación del negocio de los padres, aunque sus bienes queden sujetos a las resultas del negocio o industria que continúan.''

Empero, a poco que se reflexione sobre los hechos del caso antes citado, se comprenderá que la doctrina allí establecida no puede ser de aplicación al de autos. En aquel caso la madre con patria potestad se limitó a continuar el negocio a que había venido dedicándose el causante. No realizó ningún acto de enajenación para el cual fuera preciso obtener autorización judicial. En el de autos, por el contrario, se celebró a nombre de los menores un contrato de sociedad mercantil, es decir, se creó una persona jurídica distinta de sus socios y a quien cada uno de ellos transmitió su aportación. En otras palabras, se realizó un acto de enajenación por parte de cada socio a favor de la sociedad (*Hongkong & Shanghai Bank* v. *Aldecoa & Cía.*, 30 Jur. Fil. 264, 270), y como el valor de la aportación de cada uno de los menores excedía de $500, precisaba para la validez del contrato dar cumplimiento a lo prescrito en el artículo 159 del Código Civil, dispositivo de que el ejercicio de la patria potestad no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles de clase alguna o muebles cuyo valor exceda de $500 pertenecientes al hijo y que estén bajo la administración de aquéllos, sin previa autorización judicial.

En el caso de *García Díaz* v. *Registrador,* supra, si bien los hechos no son enteramente iguales a los de éste, el principio legal envuelto en uno y otro es el mismo. Allí se disolvió la sociedad mercantil de que era socio el padre fenecido para constituirse una nueva sociedad de que fueron socios los menores, y se resolvió que era necesaria la previa autorización para la celebración del nuevo contrato social toda vez que dicho contrato implicaba un acto de enajenación.

La cláusula 12ª. de la escritura, a que se refiere la nota del registrador, dice así:

"Duodécima: Cualquier comanditario, a requerimiento del socio gestor don Adrián Alfonso Muñiz vendrá obligado a venderle a éste su participación en la sociedad cuando dicho don Adrián Alfonso Muñiz quiera comprar dicha participación por el precio del importe del capital aportado por el comanditario a quien quiera comprarle don Adrián Alfonso Muñiz, más los intereses legales sobre dicho capital, por el tiempo transcurrido desde esta fecha hasta que se efectúe la venta; pero después de practicado el balance semestral se tendrá para los efectos del precio de venta el importe que resulte ser, por dicho balance la partición de cada comanditario, previa aprobación del mismo por comanditarios o por amigables componedores elegidos por dichos comanditarios."

La mera exposición de la cláusula transcrita indica claramente que se trata por ella de convenir la venta de las participaciones de los menores, valoradas cada una en más de $500, sin previa autorización judicial, lo que es contrario a la ley, pues el ejercicio de la patria potestad no autoriza a los padres para enajenar bienes muebles cuyo valor exceda de $500 sin la previa autorización judicial.

■ Los motivos primero y segundo de la nota del registrador están bien fundados. No así el tercero, pues siendo el interés de Rosa Ramírez en el establecimiento exactamente igual al de su deuda para con el mismo, y habiéndose cancelado su participación por la cesión en pago que hiciera,

ningún interés podía tener ella adverso al de su menor hija que le impidiese representarla en la escritura social.

*Procede, por lo expuesto, confirmar la nota recurrida por el primero y segundo de los motivos en ella consignados.*