SUCESIÓN DE JOSÉ SÁNCHEZ GARCÍA ET AL., demandantes y recurrentes, *v.* LA MERCANTIL B. FERNÁNDEZ & HNOS., SUCESORES, S. EN C., demandados y recurridos.

Número 11712.
*Sometido:* 3 de abril de 1959. *Resuelto:* 28 de junio de 1961.

---

*Francisco Acevedo,* abogado de los recurrentes; *L. E. Dubón, R. García Cintrón y A. Torres Braschi,* abogados de la mercantil recurrida.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Se trata de una sentencia sumaria dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, el día 10 de febrero de 1954, declarando sin lugar la demanda, por el fundamento que "la Sociedad Mercantil B. Fernández Hnos., Sucrs. S. en C., constituida por la escritura número 147, otorgada el 16 de mayo de 1929 ante el Notario don Damián Monserrat Suro, acreedora hipotecaria, ni la Sociedad B. Fernández Hnos. Sucrs., S. en C., constituida por la escritura

número 94, otorgada el 31 de mayo de 1932, ante el Notario don Damián Monserrat Suro, que en su carácter de liquidadora de la primera promovió el procedimiento sumarísimo contra el deudor hipotecario José Sánchez García en ejecución de la hipoteca constituida a su favor, son la misma Sociedad Mercantil "B. Fernández Hnos., Sucrs., S. en C.", aquí demandada, que fue constituida por la escritura número 14, otorgada el 24 de mayo de 1952 ante el Notario Don Luis E. Dubón, ni es esta sociedad liquidadora de aquéllas o de cualquiera de ellas y que "conforme a las disposiciones del art. 147 del Código de Comercio, desde el momento en que la sociedad se declare en liquidación, cesará la representación de los socios administradores para hacer nuevos contratos y obligaciones, quedando limitadas sus facultades en calidad de liquidadores, a percibir los créditos de la compañía, a extinguir las obligaciones contraídas de antemano, según vayan venciendo, y a realizar las operaciones pendientes".

La prueba que tuvo ante sí la ilustrada Sala sentenciadora para disponer sumariamente del caso fueron ciertos documentos, casi todos, los que se refieren a las distintas constituciones y disoluciones de la sociedad mercantil B. Fernández Hnos. Sucesores, S. en C. Puestos en orden de fechas los documentos examinados en el presente caso, demuestran los siguientes hechos:

Por escritura número 200 de 15 de mayo de 1924 ante el Notario don Damián Monserrat Suro se constituyó la sociedad Mercantil B. Fernández Hermanos, Sucesores, S. en C. por el término de cuatro años (t. 37), la cual fue prorrogada por un año más por la escritura número 124 de 14 de abril de 1928 ante el Notario don Damián Monserrat Suro.

Por escritura número 147 de 16 de mayo de 1929 se disolvió la anterior sociedad y se constituyó otra para sucederle en sus negocios y operaciones (t. 35) habiéndose pactado a tal efecto: "Que las partes declaran disuelta y en estado de liquidación la Sociedad Mercantil B. Fernández Hermanos,

Sucesores, S. en C., por haber vencido la prórroga de su término el día 15 de abril de este año y aprueban todos los actos y gestiones de los gestores . . . eximiéndoles de toda responsabilidad, para que puedan dedicarse al comercio o negocio que les convengan" y "que para que suceda a la sociedad disuelta en sus negocios, comercio y tráfico y se encargue de su liquidación, las partes han convenido constituir una nueva sociedad, y la llevan a efecto y constituyen en la forma y con los pactos de la contrata social que otorgan" (t. 38-39) . . . para lo cual "constituyen una sociedad mercantil bajo la razón y firma de B. Fernández Hermanos, Sucesores, S. en C." (t. 39) con " un capital de ciento treinta mil dólares en efectivo, mercaderías, créditos, bienes y cuentas procedentes de la anterior disuelta" (t. 41). La cláusula décimoquinta de dicha escritura dice así: "Las partes interesadas en la sociedad mercantil disuelta B. Fernández Hermanos, Sucesores, S. en C. nombran liquidadora de ella a la que con igual razón de B. Fernández Hermanos, Sucesores, S. en C. queda constituida mediante esta contrata, y confieren poderes y facultades a la liquidadora nombrada, *para que se haga cargo del activo y pasivo de la disuelta,* cobre los créditos a su favor y pague los en contra, realice las existencias, haga traspasos de cuentas, venda los bienes muebles e inmuebles, cancele créditos hipotecarios, prendas y obligaciones constituidas a favor de la disuelta o haga cesiones de los mismos, la represente en juicio y fuera de él, confiera y revoque poderes y mandatos y practique y celebre cuantos actos y gestiones conduzcan a ultimar la liquidación que se le encomiende *sin sujeción a término.*"

El día 1ro. de agosto de 1931, mientras está en liquidación la primera sociedad reseñada y está constituida la que debía continuarla como sucesora y liquidadora, se realiza el préstamo hipotecario entre don José Sánchez García, causante de la Sucesión aquí recurrente y la Mercantil B. Fernández Hermanos, Sucesores, S. en C., aquí recurrida, mediante la

escritura número 132 ante el Notario don Damián Monserrat Suro. (t. 70–76)

El día 28 de mayo de 1932, se otorga ante el Notario don Damián Monserrat Suro la escritura número 93 de disolución de sociedad (t. 23–34). Dicha escritura separada de disolución se hizo para sustituir el interés del socio fenecido don Cecilio Morán y Rodríguez por el de su viuda doña Inés García Mauricio y el interés del socio fenecido don Bernardo Fernández González por el de su viuda doña Luisa Martínez y Fernández Presno y sus hijos don Eusebio, doña Társila, don Constantino, doña Amalia, doña María Luisa, doña Bernarda y doña María del Carmen Fernández Martínez y para adquirir el haber social de don José García Morán.

El día 31 de mayo de 1932, se otorga ante el Notario don Damián Monserrat Suro la escritura número 94 de constitución de una sociedad mercantil bajo la razón y firma de B. Fernández y Hermanos, Sucesores, S. en C., por el término de dos años a contar desde el 1ro. de mayo de 1932, a cuya fecha se retrotraen los efectos del aludido contrato, a vencer el treinta y uno de abril de mil novecientos treinticuatro, quedando prorrogado a su vencimiento por dos años más, a voluntad de los dos socios colectivos. (t. 10–23) Por la cláusula décimoquinta se conviene: "Los socios y componentes de esta sociedad son las únicas partes interesadas y dueños del activo, bienes, acciones y derechos *con la responsabilidad del pasivo* de otra sociedad mercantil constituida en escritura de dieciséis de mayo de 1929 ante el presente Notario, bajo el número 147 que giró en esta plaza también con la razón ae B. Fernández Hermanos, Sucesores, S. en C., y así resulta de la escritura de su disolución pasada ante el fedatario a veintiocho de mayo de este año bajo el número noventitrés; y don José y don Leonardo Méndez Fernández, don José Antonio, doña María Luisa, don José Angel, doña María del Rosario y doña María Mercedes Fernández Castrillón, don José María Rodríguez Infanzón, doña Inés García Mauricio

y doña Luisa Martínez y Fernández Fresno en su propio derecho y en representación de sus hijos menores de edad, don Eusebio, doña Társila, don Constantino, doña Amalia, doña María Luisa, doña Bernarda y doña María del Carmen Fernández Martínez, nombran liquidadora de la antedicha sociedad mercantil disuelta a la que en este instrumento han constituido con la misma razón de B. Fernández y Hermanos, Sucesora, S. en C., y le confieren poderes y facultades, para que representada por uno cualquiera de sus dos gestores o por su apoderado, tome posesión de los bienes de la disuelta y los administre, *se haga cargo de su activo y pasivo*, cobre los créditos y cuentas a su favor y pague los en contra, realice las existencias, haga traspasos y transferencias de cuentas y créditos y de títulos mobiliarios, venda los bienes, muebles e inmuebles, haga cesiones de créditos hipotecarios, acepte bienes en pago de créditos, cancele las hipotecas y derechos constituidos a favor de la sociedad disuelta, la represente en juicio y fuera de él, confiera y revoque poderes y mandatos, pacte, contrate, transija, practique todos los actos que conduzcan a ultimar la liquidación que se le encomienda y encarga *sin sujeción a término*" . . . (t. 20–21)

Esta sociedad, sucesora y liquidadora a su vez de las anteriores, es la que promueve el 1ro. de julio de 1934, el ejecutivo hipotecario sumarísimo, cuya nulidad se solicita en la presente acción.

El día 17 de mayo de 1937, se otorga ante el notario don Damián Monserrat Suro, la escritura número 73 de disolución de sociedad mercantil, (t. 77–82). Dicha escritura separada de disolución se hizo para eliminar el interés por compra de doña Inés García Mauricio y don José María Rodríguez Infanzón. Encargan de la liquidación de la sociedad que se disuelve en esta escritura a don José y don Leonardo Méndez Fernández "y de la que con igual razón se (sic) constituyó (constituye) por escritura de esta misma fecha, apoderando y facultando a dichos liquidadores para disponer de sus bienes,

cesiones de créditos hipotecarios, acepte bienes en pago de créditos, cancele las hipotecas y derechos constituidos a favor de la sociedad disuelta la represente en juicio y fuera de él, confiera y revoque poderes y mandatos, pactos, contrate, transija, practique todos los actos que conduzcan a ultimar la liquidación que se les encomienda y encarga sin sujeción a término". (t. 80)

El mismo día 17 de mayo de 1937, se otorga ante el Notario don Damián Monserrat Suro, la escritura número 74 de constitución de la Sociedad Mercantil B. Fernández y Hermanos, Sucesores S. en C. por el término de dos años a contar desde el 1ro. de mayo de 1937 a cuya fecha se retrotraen los efectos del contrato hasta el 30 de abril de 1939. (t. 82-94) La cláusula quinta establece que la sociedad se ha hecho cargo del activo y pasivo de la sociedad que con igual razón ha sido disuelta. (t. 87) La cláusula décimocuarta establece que: "Los socios componentes de esta sociedad son las únicas partes interesadas y dueños del activo, bienes, acciones y derechos con la responsabilidad del pasivo de la otra sociedad mercantil *constituida en escritura de dieciséis de mayo de mil novecientos veintinueve* (sic) entre (ante) el Notario don Damián Monserrat y Suro, bajo el número noventa y cuatro, que giró en esta plaza, también con la razón de B. Fernández y Hermanos, Sucesores, S. en C." (t. 91) y los actuales socios "nombran liquidadora de la ante dicha sociedad disuelta a la que en este instrumento han constituido con la misma razón de B. Fernández y Hermanos, Sucesores, S. en C. y le confieren poderes y facultades para que representada por uno cualquiera de los tres socios gestores o apoderados, tome posesión de los bienes de la disuelta y los administre, se haga cargo de su activo y pasivo, cobre los créditos y cuentas a su favor y pague los en contra . . . sin sujeción a término". (t. 92)

El día 17 de agosto de 1945, se otorga ante el Notario don Luis E. Dubón, la escritura número 43 de disolución y constitución de sociedad, declarándose disuelta la mercantil

que desde el 17 de mayo de 1937, y en virtud de distintas prórrogas de la sociedad, llega a su término hasta el 1ro. de mayo de mil novecientos cuarenta y cinco. Dicho pacto parcial de disolución se hizo por haber fallecido doña Luisa Martínez Fernández Fresno, el 8 de abril de 1945, "sucediéndole como sus únicos y universales herederos sus hijos los aquí comparecientes, doña Bernarda, doña María del Carmen, don Eusebio, doña Társila, doña Amalia, don Constantino, y doña María Luisa Fernández Martínez, viniendo a ser éstos de ese modo, dueños del interés que en la referida sociedad correspondía a su mencionada causante" (t. 174–175). Por la misma escritura se constituye la Mercantil B. Fernández Hermanos, Sucesores, S. en C., que es el nombre "que usaran durante su tráfico", por el término de un año, contado desde el 1ro. de mayo de 1945, a cuya fecha se retrotraen los efectos de la presente escritura. Por la cláusula (p) se declara que "los socios componentes de esta sociedad son las únicas partes interesadas y dueños del activo, bienes, acciones y derechos con la responsabilidad del pasivo de la otra sociedad mercantil constituida en escritura de diez y siete de mayo de mil novecientos treinta y siete ante el Notario Don Damián Monserrat y (Sic) Simó (Suro) bajo el número setenta y cuatro que giró en esta plaza, también con la razón de B. Fernández & Hnos. Sucesores, S. en C. que ha quedado disuelta por este mismo título y los comparecientes nombran liquidadora de la antedicha sociedad disuelta a la que en este instrumento han constituido con la misma razón de B. Fernández & Hnos., Sucesores, S. en C. y le confieren poderes y facultades para que representada por uno cualquiera de los tres socios gestores o apoderados, tome posesión de los bienes de la disuelta y los administre, se haga cargo, de su pasivo y activo, cobre los créditos y cuentas a su favor y pague los en contra . . . sin sujeción a término. (t. 187–188)

El día 30 de abril de 1946 se otorga ante el Notario don Luis E. Dubón, la escritura número 13 de disolución y cons-

titución de sociedad. (t. 94–117) Dicho pacto parcial de disolución se hizo porque habrían de retirarse de la sociedad los socios comanditarios don Constantino, doña Bernarda, doña María del Carmen, doña María Luisa, doña Társila y doña Amalia Fernández Martínez y don José Angel, doña María Luisa, doña María del Rosario, y doña María Mercedes Fernández Castrillón (t. 106) y más tarde don Eusebio Fernández Martínez (t. 108). La nueva sociedad constituida bajo el nombre de B. Fernández & Hermanos, Sucesores, S. en C. se encargaría "de la liquidación de la sociedad aquí disuelta, y subrogada en todos los derechos, títulos, intereses, acciones y participaciones o pertenencias de cualquiera índole o naturaleza que corresponda o pertenezcan a la sociedad que se disuelve . . . trasmitiéndose a la citada nueva sociedad . . . *todo el acto y pasivo* que corresponda a la sociedad aquí disuelta . . . (y) practique todos los actos que conduzcan a ultimar la liquidación que se le encomienda y encarga *sin sujeción a término*". (t. 103–104)

El día 24 de mayo de 1952, se otorga ante el Notario don Luis E. Dubón la escritura número 14 de disolución y constitución de sociedad (t. 46–70). Dicho pacto parcial de disolución se hizo para facilitar el retiro de la sociedad del socio comanditario don Eusebio Fernández Martínez el cual "podrá ser separado de la sociedad al finalizar cualquiera de los años comerciales de la misma, posteriores al año comercial que terminará el treinta de abril de mil novecientos cincuenta y cuatro (t. 58). Es condición esencial de la disolución que la nueva sociedad que bajo el nombre de B. Fernández & Hnos., Sucesores, sociedad en comandita que se constituye por esta misma escritura, el capital de la cual se formará, en parte, por las aportaciones que hacen los socios de los bienes, créditos, y dinero procedente de las respectivas participaciones que le han correspondido en la disolución, se transmitan a la nueva sociedad "todo el activo y pasivo que corresponde a la sociedad aquí disuelta . . . con-

firiéndose además a la citada nueva sociedad amplios poderes y facultades para . . . (tomar) posesión de los bienes de la disuelta y los administre, se haga cargo de su pasivo y activo, cobre los créditos y cuentas a su favor y pague los en contra. . . (y) practique todos los actos que conduzcan a ultimar la liquidación que se le encomienda y encarga *sin sujeción a término*".   (t. 53–55)

Esta es la sociedad, sucesora y liquidadora de las otras sociedades antes reseñadas, que está en vigor cuando el día 27 de agosto de 1953, acude la sucesión demandante recurrente al Tribunal Superior de Puerto Rico, Sala de San Juan, a solicitar la nulidad del procedimiento ejecutivo sumarísimo, objeto de esta acción.

■ Por el mero examen de las escrituras de disolución y constitución de sociedad a que nos hemos venido refiriendo, la ilustrada Sala sentenciadora llegó a la conclusión que la última era una sociedad distinta y no estaba llamada a responder de las actuaciones de sus antecesoras en título social, todas de nombre B. Fernández & Hermanos, Sucesores, S. en C.   Podría aceptarse que desde la constitución de la primera sociedad envuelta en este caso, la constituida por la escritura número 200 de 15 de mayo de 1924, todas las sociedades sucesoras de ésta recibieron la encomienda de los socios de proceder a la liquidación de las anteriores, pero no puede aceptarse como hecho probado, no sujeto a controversia, que dicha liquidación se llevara a efecto.   La forma misma en que están redactadas las escrituras demuestra que los socios dueños y responsables de los bienes sociales, intentaron establecer una estructura fácil, que le permitiera continuar los negocios bajo la misma razón social, con el mismo caudal de bienes de la sociedad original y con un proceso de liquidación indefinido, sin sujeción a término, más bien encaminada a la liquidación de las cuentas capitales de los socios que se iban retirando, que a la liquidación, como tal, de los negocios de las anteriores sociedades.

La liquidación de una sociedad mercantil, como un hecho jurídico, es distinta al mero pronunciamiento hecho por los socios de que dicha sociedad está en liquidación, cuando de la escritura de la nueva sociedad constituida para servir de liquidadora se desprende, que esta última adquiere todo el activo y el pasivo de la anterior supuesta a liquidarse e incluso incluye los bienes en liquidación en su nuevo capital social. I Gay de Montellá—"Tratado Práctico de Sociedades Mercantiles", pág. 194, segundo párrafo; (edición de la Casa Bosch de 1947). Como cuestión de realidad, en este caso, lo único que se ha liquidado, son las cuentas capitales de los socios que se han retirado pero no hay constancia alguna que se haya procedido al pago de todas las otras acreencias de las anteriores sociedades disueltas, y las anteriores estructuras sociales hayan desaparecido.

■ El hecho de haberse practicado un inventario del estado del activo y pasivo para conocer si hubo beneficios o pérdidas de la sociedad, no puede entenderse que es la liquidación a que se refiere el art. 147 de nuestro Código de Comercio: *Joglar* v. *Registrador*, 17 D.P.R. 278 (Aldrey) (1911), cita precisa a la pág. 281.

■ Como regla general, y hasta tanto tengamos ante nos, el resto de los hechos en el presente caso, debemos concluir, a tenor con la cita de Gay de Montellá antes indicada que "puede existir disolución no seguida de liquidación, por no ser la liquidación situación obligatoria en determinados casos como son el de una incorporación de la compañía disuelta a otra compañía o el de una cesión en bloque del activo y pasivo de la compañía, o el de la cesión de las participaciones sociales o acciones a otra empresa existente".

■ No creemos que el art. 147 del Código de Comercio pueda invocarse para impedirle a un acreedor cobrar de la compañía liquidadora, a la cual va a parar todo el activo y pasivo de la anterior sociedad deudora, a menos que no se haya obtenido previamente, una renuncia a tal fin, del acree-

138

dor anterior: II Gay Montellá—Código de Comercio, pág. 515 (edición de la Casa Editorial Bosch de 1948).

*No procediendo la sentencia sumaria dictada en este caso, debe revocarse la misma y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*